IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GREGORY B. McMILLIAN,**

    **Plaintiff,**

vs.                                               **Case No. 4:07cv218-RH/WCS**

**STEPHANIE D. USINA and
JONATHAN SJOSTROM,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed a civil rights action under 28 U.S.C. § 1983 against two Defendants, one of whom is an Assistant State Attorney and the second Defendant is a State Court Judge. Doc. 1. Plaintiff initiated this case on May 17, 2007, by filing the complaint, but only recently paid the $3.67 initial partial filing fee. Doc. 15. The complaint was not reviewed until the fee was paid.

Plaintiff alleges that in January, 2006, Defendant Usina caused a warrant to be signed by a judge (not the second Defendant), leading to Plaintiff's arrest on five outstanding warrants in May, 2006. Doc. 1, p. 5. Plaintiff has been in jail since that time and claims he is being held against his will. Plaintiff also claims that his rights to a

speedy trial have been violated.  Plaintiff alleges that he has notified Defendant Sjostrom of his contentions but claims the Judge denies all of Plaintiff's motions.  *Id.*

Plaintiff asserts the denial of his rights to speedy trial as provided by state law and claims his due process rights are violated by the fact that he is held against his will.  *Id.*, at 6.  Plaintiff seeks reimbursement of lost wages for the time he has been confined, he wants all court costs and jail fees paid, and to be released from jail.  *Id.*

The law is clear that prosecutors are absolutely immune from suit under the civil rights statutes for their actions which are "intimately associated with the judicial phase of the criminal process."  Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 994-995, 47 L.Ed.2d 128 (1976); Cook v. Houston Post, 616 F.2d 791, 793 (5th Cir. 1980); *see also* Jones v. Cannon, 174 F.3d 1271 (11th Cir. 1999).  Such actions include "initiating a prosecution and in presenting the State's case."  Imbler, 424 U.S. at 431, 96 S. Ct. at 995.  Thus, Plaintiff's claims against Defendant Usina must be dismissed because her actions were within her role as a State Attorney in bringing charges against Plaintiff and presenting a warrant for Plaintiff's arrest.  She is immune from any request for monetary damages for the actions alleged in this complaint.

Additionally, Judge Sjostrom also is protected by absolute immunity, a ground which justifies § 1915(d) *sua sponte* dismissal.  Clark v. Ga. State Pardons and Parole Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).  When a judge is acting in his judicial capacity, he is entitled to absolute immunity from liability for damages under § 1983 unless he acts in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978).  In this case, Plaintiff's claims against this state court judge are because the judge has dealt with Plaintiff in his

role as a judge and Judge Sjostrom has jurisdiction over Plaintiff.  Plaintiff may not bring claims against a state court judge because of rulings made in a case and because Plaintiff wants to be released from jail.

Finally, Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994)[1], and Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973).  Prisoners may not seek release from jail through a civil rights action.  Such a request for relief may only be presented in a *habeas* petition under 28 U.S.C. § 2254.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) because it is barred by Heck v. Humphrey and Preiser v. Rodriguez, and because both of the named Defendants are protected by absolute immunity pursuant to § 1915(e)(2)(B)(iii), and it is further **RECOMMENDED**

---

[1] Furthermore, a civil rights action under § 1983 that necessarily calls into question the validity of a conviction, sentence, or confinement cannot be brought until a plaintiff can demonstrate that the conviction or sentence had been reversed, expunged, or otherwise declared invalid.  Heck, at 487, 114 S.Ct. at 2372.  This has been referred to as the "favorable termination" requirement.  *See* Uboh v. Reno, 141 F.3d 1000, 1004-06 (11th Cir. 1998).  However, Plaintiff in this case cannot demonstrate the favorable termination requirement because Plaintiff has not yet gone to trial.  Plaintiff's allegations reveal that his criminal charges are still pending.  The Heck bar applies even more appropriately when outstanding criminal charges remain pending.  Wiley v. City of Chicago, 361 F.3d 994, 996 (7th Cir. 2004); Gonzalez v. Entress, 133 F.3d 551, 553 (7th Cir. 1998).  In other words, where charges are outstanding against a plaintiff and his constitutional claims would necessarily imply the invalidity of a potential conviction, the action would be barred under Heck.  *See* Washington v. Summerville, 127 F.3d 552, 556 (7th Cir. 1997), *cert. denied* 523 U.S. 1073 (1998).

that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**IN CHAMBERS** at Tallahassee, Florida, on September 24, 2007.

     s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**